IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ethel D. Ackah, ) | |
| ) | Civil Action No. 6:07-2796-HFF-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Greenville County School District, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on the defendant's motion to strike (doc. 61) and the plaintiff's motion to strike (doc. 63). The plaintiff, who is proceeding *pro se*, alleges discrimination because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, by her former employer. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

      On January 22, 2008, the plaintiff filed an amended complaint, to which the defendant Greenville County School District filed an answer on January 31, 2008. On February 6, 2008, the plaintiff filed a "Reply" to the answer to her amended complaint. On February 7, 2008, the defendant filed a motion to strike (doc. 61) the plaintiff's reply because Federal Rule of Civil Procedure 7(a) does not permit the filing of such a pleading. Rule 7(a) states that in cases like this one, where there is no counterclaim, cross-claim, or third-party complaint, "[t]here shall be a complaint and an answer." The rule goes on to state that "[n]o other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." Fed.R.Civ.P. 7(a). This court has not ordered a reply

to the defendant's answer and finds that the plaintiff's reply is inappropriate. Accordingly, the defendant's motion to strike (doc. 61) is granted.

On February 22, 2008, the plaintiff filed a motion to strike the "Joint Report of Early Meeting" (doc. no. 63). In her motion, the plaintiff references a meeting with the defendant's attorney on February 20, 2008, in which the attorney

> ... confirmed the submission of the "Joint Report of Early Meeting," stating that the pro se [plaintiff] does not have to attend. The plaintiff moves to strike the report. The defendant did not consult or send a draft to reflect agreements in good faith before submitting the said report to the court. For this reason, the content may have subtle slants in the defendant's favor. Therefore, the plaintiff requests the court to allow a new joint report.

(Pl. m. to strike 1).

The only report filed by the defendant was the Rule 26(f) Report filed on November 9, 2007, in which the defendant noted that it had not consulted with the plaintiff because of her *pro se* status. The report states only that the defendant agrees with the schedule set forth by the court in the scheduling order. Based upon the foregoing, this court sees no reason to strike the report.

Wherefore, based upon the foregoing, the defendant's motion to strike (doc. 61) is granted, and the plaintiff's motion to strike (doc. 63) is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

March 14, 2008

Greenville, South Carolina

2