IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ethel D. Ackah, ) | |
| ) | Civil Action No. 6:07-2796-HFF-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Greenville County School District, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the plaintiff's motion to compel (doc. 71), motion to strike deposition (doc. 72) and motion for jury trial (doc. 73). The plaintiff, who is proceeding *pro se*, alleges discrimination because of her race by her former employer in violation of Title VII of the Civil Rights Act of 1964, as amended.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

In her first motion, the plaintiff moves to compel answers to interrogatories served upon individuals who are current or former employees of the defendant. According to the plaintiff, the interrogatories were "returned unopened." As argued by the defendant, Federal Rule of Civil Procedure 33 provides for interrogatories to parties, but courts have uniformly denied litigants' attempts to use interrogatories to obtain information from non-parties. *See* Wright, Miller & Marcus, 8A *Fed. Prac. & Proc. Civ.2d* § 2163 (2008) ("a deposition may be taken of any person, while interrogatories may only be addressed to parties to the action"); *id.* § 2171 (interrogatories may not be directed to employees of a party or officers of a corporate party). Accordingly, this motion is denied.

In her second motion, the plaintiff moves to strike her deposition, which was taken by the defense counsel on February 20, 2008, from the record in this case. It appears that the plaintiff is asking the court to prevent the defendant from relying upon or using the deposition because the court reporter at the deposition has allegedly not provided the plaintiff with a copy of the deposition to review and sign. The defendant submitted a copy of a letter from the court reporter to the plaintiff dated March 17, 2008, in which the court reporter stated that she was sending the plaintiff a complimentary copy of the transcript (def. opp. m. to strike, ex. A). As argued by the defendant, the plaintiff has 30 days to review the transcript for changes to form or substance after she has been provided an opportunity to review the transcript. Fed.R.Civ.P. 30(e). Accordingly, this court sees no reason to strike the deposition. Therefore, this motion is denied.

In her third motion, the plaintiff requests a jury trial. The defendant does not oppose the motion and notes that the court has the discretion under Federal Rule of Civil Procedure 39(b) to grant the motion. Based upon the foregoing, the plaintiff's request for a jury trial is granted.

Wherefore, based upon the foregoing, plaintiff's motions to compel and to strike (docs. 71 and 72) are denied, and her motion for jury trial (doc. 73) is granted.

IT IS SO ORDERED.

                                          s/William M. Catoe
                                          United States Magistrate Judge

April 9, 2008

Greenville, South Carolina